# In the United States Court of Federal Claims

**No. 19-796C**

**Filed: September 12, 2019**

```
* * * * * * * * * * * * * * * * * *
```

|  |  |
|---|---|
| **CHARLES E. UTLEY,** | * |
|  | * |
| **Plaintiff,** | * |
|  | * |
| **v.** | * **Pro Se Plaintiff; Subject-Matter** |
|  | * **Jurisdiction; Motion to Dismiss;** |
| **UNITED STATES,** | * **Torts.** |
|  | * |
| **Defendant.** | * |
|  | * |

```
* * * * * * * * * * * * * * * * * *
```

Charles E. Utley, pro se, Greenbelt, MD.

**Jimmy S. McBirney**, Attorney of Record, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him were **Steven J. Gillingham**, Assistant Director, National Courts Section, Civil Division, **Robert E. Kirschman, Jr.**, Director, National Courts Section, Civil Division, and **Joseph H. Hunt**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

On May 20, 2019 plaintiff, Charles E. Utley, filed a pro se complaint along with an Application to Proceed In Forma Pauperis in this court. Plaintiff is seeking compensation for "mental, emotional, physical and economic stress" as a result of six separate claims: the medical professionals at the Department of Veterans Affairs' "[f]ailure to diagnose an unrelated disease," "[d]elayed diagnosis," "[m]edical [m]alpractice [b]ased on [d]iagnostic [e]rrors," "[h]uman error," and "[m]isdiagnosis/[d]elayed [d]iagnoses . . . ." In addition, plaintiff claims this court has jurisdiction as he suffered from "the neglect, delayed diagnosis of 17 months, and deviation to [sic] Standard of Care [he] encountered from the [Department of] Veterans Affairs."

Plaintiff is an Air Force veteran and a Department of Veterans Affairs (VA) healthcare enrollee. Plaintiff filed medical records in support of his claim. According to the filed medical documentation, Dr. Stephan Hanses at the Washington, DC VA Medical Center examined plaintiff on April 15, 2016 for severe headaches and referred plaintiff to

neurology for brain magnetic resonance imaging (MRI) and a brain magnetic resonance angiogram (MRA). According to the complaint, plaintiff received a brain MRI on May 23, 2016 which revealed a 3.1 x 1.4 cm mass. Additionally, the complaint alleges plaintiff was not informed about the mass until September 5, 2017 when Dr. Hanses diagnosed plaintiff with possible meningioma and noted plaintiff was not notified earlier about the mass since the matter "was lost to followup." Plaintiff underwent neurosurgery to remove the tumor on December 13, 2017. Plaintiff alleges that in a post-operative neuropsychological evaluation on February 22, 2018, Jared Rensberger, a neuropsychology intern, and Dr. Jennifer Strang, a neuropsychologist, diagnosed plaintiff with a mild neurocognitive disorder consistent with depression.

On November 2, 2017, plaintiff, through attorney Ms. Catherine Bertram, filed a claim with the VA's Office of Chief Counsel in Winston-Salem, NC. Plaintiff claimed that Dr. Hanses and the Washington, DC VA Medical Center did not advise plaintiff about the abnormal brain MRI findings or inform plaintiff about the diagnosis until 17 months after the brain MRI. As a result, plaintiff requested damages in the amount of $25,000,000.00 for neurosurgery, an unknown prognosis post-surgery, and permanent neurological deficits.

In addition, plaintiff sought help from his Senator in reference to his claim with the VA. In a September 13, 2018 letter from Senator Van Hollen's office to plaintiff included with plaintiff's complaint, a January 8, 2018 letter from the VA was enclosed stating the VA had received plaintiff's tort claim on December 13, 2017. The VA's letter informed plaintiff the "VA has six months to consider a claim before you may file suit in federal district court pursuant to the Federal Tort Claims Act." (emphasis added). The letter from the VA further stated if plaintiff was not contacted by the VA after six months, he may contact a specific attorney at the VA concerning the claim. In the above captioned case filed subsequently on May 20, 2019, plaintiff did not provide any other information concerning the status or resolution of his tort claim with the VA beyond the initial claim form and the January 8, 2018 letter from the VA.

In response to plaintiff's complaint, defendant filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) (2019) of the Rules of the United States Court of Federal Claims (RCFC) on July 15, 2019. Defendant asserts that plaintiff did not provide a statement of the court's jurisdiction for this case and does not identify any money-mandating statute based upon which plaintiff is entitled to relief. Additionally, defendant argues plaintiff is asserting medical malpractice tort claims which are outside the jurisdiction of this court. Consequently, defendant requests this court to dismiss plaintiff's complaint for a lack of subject matter jurisdiction. Plaintiff filed a response in opposition to defendant's motion to dismiss on August 15, 2019. Plaintiff argues that this court has jurisdiction over his case pursuant to 28 U.S.C. § 2679 and refers to 28 U.S.C. § 2679(b). Plaintiff also argues dismissal is only appropriate in cases when the plaintiff cannot prove any of the facts in support of his claim, which plaintiff argues is not the case here.

**D I S C U S S I O N**

The court recognizes that plaintiff is proceeding <u>pro se</u>. When determining whether a complaint filed by a <u>pro se</u> plaintiff is sufficient to invoke review by a court, a <u>pro se</u> plaintiff is entitled to a more liberal construction of the <u>pro se</u> plaintiff's pleadings. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (requiring that allegations contained in a <u>pro se</u> complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), <u>reh'g denied</u>, 405 U.S. 948 (1972); <u>see also</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 (1980); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), <u>reh'g denied</u>, 429 U.S. 1066 (1977); <u>Matthews v. United States</u>, 750 F.3d 1320, 1322 (Fed. Cir. 2014); <u>Diamond v. United States</u>, 115 Fed. Cl. 516, 524 (2014), <u>aff'd</u>, 603 F. App'x 947 (Fed. Cir.), <u>cert. denied</u>, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" <u>Lengen v. United States</u>, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting <u>Scogin v. United States</u>, 33 Fed. Cl. 285, 293 (1995) (quoting <u>Clark v. Nat'l Travelers Life Ins. Co.</u>, 518 F.2d 1167, 1169 (6th Cir. 1975))); <u>see also</u> <u>Bussie v. United States</u>, 96 Fed. Cl. 89, 94, <u>aff'd</u>, 443 F. App'x 542 (Fed. Cir. 2011); <u>Minehan v. United States</u>, 75 Fed. Cl. 249, 253 (2007). "While a <u>pro se</u> plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the <u>pro se</u> plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." <u>Riles v. United States</u>, 93 Fed. Cl. 163, 165 (2010) (citing <u>Hughes v. Rowe</u>, 449 U.S. at 9; and <u>Taylor v. United States</u>, 303 F.3d 1357, 1359 (Fed. Cir.), <u>reh'g and reh'g en banc denied</u> (Fed. Cir. 2002)); <u>see also</u> <u>Golden v. United States</u>, 129 Fed. Cl. 630, 637 (2016); <u>Shelkofsky v. United States</u>, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a <u>pro se</u> plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting <u>Henke v. United States</u>, 60 F.3d 795, 799 (Fed. Cir. 1995))); <u>Harris v. United States</u>, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting <u>Minehan v. United States</u>, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court <u>sua sponte</u>." <u>Folden v. United States</u>, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing <u>Fanning, Phillips & Molnar v. West</u>, 160 F.3d 717, 720 (Fed. Cir. 1998)), <u>reh'g and reh'g en banc denied</u> (Fed. Cir. 2004), <u>cert. denied</u>, 545 U.S. 1127 (2005); <u>see also</u> <u>Int'l Elec. Tech. Corp. v. Hughes Aircraft Co.</u>, 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases <u>not sounding in tort</u>.

28 U.S.C. § 1491(a)(1) (2018) (emphasis added).

When deciding a case based on a lack of subject matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint

are true and must draw all reasonable inferences in the non-movant's favor.  See Erickson v. Pardus, 551 U.S. 87, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); see also Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016) ("In deciding a motion to dismiss, a court is required to accept as true all factual allegations pleaded." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed."  Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010).  A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570).  To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983).  "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'"  Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

In his complaint, plaintiff claims a failure to diagnose his condition, delayed diagnosis, medical malpractice, human error, and "[m]isdiagnosis/[d]elayed [d]iagnoses" leading to additional harm which defendant alleges are "medical malpractice claims sounding in tort."  The Tucker Act specifically excludes tort claims from the jurisdiction of the United States Court of Federal Claims.  See 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.") (emphasis added); see also Keene Corp. v. United States, 508 U.S. 200, 214

(1993); Rick's Mushroom Serv. Inc., v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.) ("Because Brown and Darnell's complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims."), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 565 U.S. 1153 (2012); Jumah v. United States, 90 Fed. Cl. 603, 607 (2009) ("[I]t is well-established that the Court of Federal Claims does not have jurisdiction over tort claims."), aff'd, 385 F. App'x 987 (Fed. Cir. 2010); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); Fullard v. United States, 77 Fed. Cl. 226, 230 (2007) ("This court lacks jurisdiction over plaintiff's conspiracy claim because the Tucker Act specifically states that the Court of Federal Claims does not have jurisdiction over claims 'sounding in tort.'"); Edelmann v. United States, 76 Fed. Cl. 376, 379–80 (2007) ("This Court 'does not have jurisdiction over claims that defendant engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties'") (quoting Cottrell v. United States, 42 Fed. Cl. 144, 149 (1998)); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006).

In the above captioned case, plaintiff is asserting medical malpractice and negligence claims against Dr. Hanses and the Department of Veterans Affairs and seeking compensation for those medical malpractice claims. Judges in this court have consistently ruled medical malpractice and negligence claims sound in tort and therefore, this court lacks subject matter jurisdiction. See Gable v. United States, 106 Fed. Cl. 294, 298 (2012) ("The primary claims alleged in [plaintiff's] . . . March 29, 2012 Complaint . . . concern negligence and medical malpractice . . . . Since such claims sound in tort, the court does not have jurisdiction to adjudicate them."); Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 166 (2009) ("The Court of Federal Claims does not have jurisdiction over plaintiff's claims of negligence and medical malpractice."). All of plaintiff's stated allegations and claims sound in tort and, therefore, must be dismissed for lack of subject matter jurisdiction.

Although plaintiff argues this court has jurisdiction under 28 U.S.C. § 2679, that statutory section is contained within the Federal Tort Claims Act and, as concluded above, this court does not have jurisdiction over cases that arise under the Federal Tort Claims Act. Section 1346(b)(1) of Title 28 states:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the

scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).  Moreover, "[t]he Federal Tort Claims Act provides, in relevant part, that district courts 'shall have exclusive jurisdiction of civil actions on claims against the United States . . . caused by the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment . . . ." Fidelity and Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1090 n.4 (Fed. Cir. 2015) (quoting 28 U.S.C. § 1346(b)(1)); Wood v. United States, 961 F.2d 195, 197 (Fed. Cir. 1992) ("[T]he Claims Court has jurisdiction over all . . . claims [against the United States based on the Constitution, federal statutes, federal regulations, and contracts with the United States], while the district courts have concurrent jurisdiction over claims for $10,000 or less . . . and exclusive jurisdiction over tort claims for any amount if they fall within the Federal Tort Claims Act.").  Despite plaintiff's argument, this court does not have jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 2679.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**.  Plaintiff's Application to Proceed In Forma Pauperis is **MOOT**.  The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**